IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY LEE REED, 31011-077, ) | |
|         Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-1370-K |
| ) | |
| WARDEN DAN JOSLIN, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual background**

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Petitioner is serving a 210-month sentence for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2.

Petitioner is currently earning good time credit at a rate of 47 days per year, based upon actual time served.[1]  Petitioner argues that good time credit should be based on the total length of

---

[1]Title 18 U.S.C. § 3624(b)(1) provides, in pertinent part:

[A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional

the sentence imposed, not the amount of time served.  Under the method of calculation proposed by Petitioner, he would be entitled to 54 days of good time credit for each year of his sentence.

Petitioner states that although he has not exhausted his administrative remedies, the Court should consider this petition.  The Court now finds the petition should be dismissed for failure to exhaust administrative remedies.

## II.  Discussion

Generally, petitioners seeking relief under § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  The exhaustion requirement applies to the computation of sentence credit awards.  *See, e.g., United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Pelaez*, 930 F.2d 520, 524 (6th Cir. 1991); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984); *Sanchez v. Wendt*, 2003 WL 2232787,  No. 3:03-CV-1372-M (N.D. Tex. Oct. 8, 2003); *Barron-Rodriguez v. Malisham*, 2003 WL 21246072, No. 4:02-CV-913-Y (N.D. Tex. Feb. 11, 2003).

The Bureau of Prisons has established an Administrative Remedy Program whereby inmates can "seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10.  A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel.  *Id*. § 542.15(a).

---

disciplinary regulations . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).  Under Bureau of Prisons regulations, an inmate's projected release date is advanced upon the completion of each year of imprisonment by the number of days of good time credit the inmate receives for that year.  *See* 28 C.F.R. § 523.20; BOP P.S. 5880.28.  Good time credit is prorated if a full year or less remains to be served.  *Id.*

Exceptions to the exhaustion doctrine are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation omitted). These exceptions, however, apply only in extraordinary circumstances. *Id*. The petitioner bears the burden of establishing his entitlement to one or more of these exceptions. *Id*.

While conceding that he has not exhausted his administrative remedies, Petitioner argues that exhaustion would be futile. The Court, however, finds that Petitioner has not established any exception to the exhaustion requirement and that the petition should be dismissed.

Petitioner has not shown that administrative remedies are unavailable. To the contrary, BOP regulations establish procedures to resolve time credit complaints. If a complaint cannot be resolved informally, the inmate may submit a written request to the prison warden. 28 C.F.R. § 542.13. The warden has twenty days to respond to the formal request. *Id.* § 542.18. If the inmate is not satisfied with the response, he can appeal to the BOP Regional Director. *Id*. § 542.15(a). Such an appeal must be decided within thirty days. *Id.* § 542.18. The final step in the administrative review process is an appeal to the BOP General Counsel. *Id.* § 542.5(a). Any such appeal must be decided within forty days. *Id.* § 542.18. Since Petitioner's projected release date is April 19, 2013, there is no reason why he cannot exhaust his administrative remedies before seeking habeas relief.

Nor has Petitioner shown that the BOP procedures are wholly inappropriate to the relief sought. The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits.

*See* 28 C.F.R. § 0.96(g). If the BOP has erroneously calculated Petitioner's good time, it has authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Finally, the Court is not convinced that exhaustion would be futile. The mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile. *See Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion."). The Court finds the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed without prejudice for failure to exhaust administrative remedies.

Signed September 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

                    PAUL D. STICKNEY
                    UNITED STATES MAGISTRATE JUDGE